# EXHIBIT 1

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED
Clerk of the Superior Court
SEP 22 2010
By: T. BUTACAN

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
HARRAH'S ENTERTAINMENT, INC., "Additional Parties Attachment form is attached."

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
ANAHID MANOUKIAN

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

**¡AVISO!** Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Diego County Superior Court - North County Division
325 S. Melrose Drive, Vista, CA 92081

CASE NUMBER:
*(Número del Caso):*
37-2010-00059584-CU-PO-NC

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
The Law Offices of Richard M. Katz, 1122 East Green Street, Pasadena, CA 91106, (626) 796-6333

DATE: SEP 22 2010 *(Fecha)*

Clerk, by *(Secretario)* T. BUTACAN, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

FILE BY FAX

Richard M. Katz, Esq. (St. Bar No. 56941)
THE LAW OFFICES OF RICHARD M. KATZ
1122 East Green Street
Pasadena, CA 91106
(626) 796-6333

Attorneys for Plaintiff,
ANAHID MANOUKIAN

FILED
Clerk of the Superior Court
SEP 17 2010
By ________ Deputy
No. County Division

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF SAN DIEGO

ANAHID MANOUKIAN,
Plaintiff,
vs.
HARRAH'S ENTERTAINMENT, INC., HARRAH'S RINCON CASINO & RESORT, a business entity, form unknown, RINCON BAND OF LUISENO INDIANS and DOES 1 through 100, inclusive,
Defendants.

Case No. 37-2010-00059864-CU-PO-NC

COMPLAINT FOR DAMAGES

(Slip and Fall)

FILE BY FAX

COMES NOW Plaintiff and alleges as follows:

1. Plaintiff ANAHID MANOUKIAN, is an individual and is now and all times herein mentioned was a resident of Los Angeles County, State of California.

2. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Defendant HARRAH'S ENTERTAINMENT, INC., (hereinafter HARRAH'S INC.) was a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at One Caesars Palace Drive, Las Vegas, Nevada and with a place of business in the State of California at the time of the incident as hereinafter alleged at 777 Harrah's Rincon Way, City of Valley Center, County of San Diego, State of California.

3. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Defendant HARRAH'S RINCON CASINO & RESORT (hereinafter "HARRAH'S") was a corporation or a partnership or other business entity, form unknown or organized and existing under the laws of the State of California. Plaintiff will seek leave of court to amend the true capacity when ascertained, with its principal place of business at the time of the incident as hereinafter alleged at 777 Harrah's Rincon Way, City of Valley Center, County of San Diego, State of California.

4. Plaintiff is informed and believes and thereon alleges that Defendant RINCON BAND OF LUISEÑO INDIANS (hereinafter "LUISEÑO INDIANS") was a corporation or a partnership or other business entity, or legal entity, form unknown or organized and existing under the laws of the State of California and / or the United States of America. Plaintiff will seek leave of court to amend the true capacity when ascertained, with its principal location / place of business at the time of the incident as hereinafter alleged at 33750 Valley Center Road, Valley Center, State of California.

5. The true names and identities, whether individual, corporate, associate or otherwise of Defendants DOES 1 through 100, inclusive, and each of them, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names. Plaintiff will ask leave of this court to amend this complaint to insert the true names and identities of said defendants when ascertained.

6. Plaintiff is informed and believes that each Defendant sued herein was responsible, negligent or in some other actionable manner for the events and happenings referred to herein which proximately caused damages to the Plaintiff as hereinafter alleged.

7. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, each Defendant herein was the agent, servant, employee, assistant and consultant of each remaining Defendant, and was, as such, acting within the course and scope of said agency and employment, and that each and every Defendant, as aforesaid, when acting as a principal, was negligent in the selection and hiring of each and every other Defendant as an agent, servant, employee, assistant and consultant.

8. Plaintiff is informed and believes, and on that basis of that information and belief alleges, that at all times herein mentioned Defendant HARRAH'S, INC., HARRAH'S, LUISEÑO INDIANS and DOES 1 through 100, inclusive and each them, were the owners, operators, lessors, tenants, maintainors, repairers, builders, landscapers or otherwise in control in some manner of a commercial business property and its surrounding and adjacent grounds and / or surrounding and adjacent property commonly known as HARRAH'S RINCON CASINO & RESORT located at 777 Harrah's Rincon Way, City of Valley Center, County of San Diego, State of California.

9. Plaintiff is informed and believes and thereon alleges that Defendant HARRAH'S, INC., HARRAH'S, LUISEÑO INDIANS and DOES 1 through 40, inclusive and each of them, opermed the hotel and its surrounding and adjacent grounds and/or surrounding and adjacent property under which its guests, customers and clientele would have access to the hotel and its surrounding and adjacent grounds and/or surrounding and adjacent property. Plaintiff is informed and believes and thereon alleges that said Defendants HARRAH'S, INC., HARRAH'S, LUISEÑO INDIANS and DOES 1 through 40, inclusive, and each of them, advertised and marketed their hotel to the general public as having safe and easy access to its hotel and its surrounding and adjacent grounds and/or surrounding and adjacent property.

10. On or about September 23, 2008, Plaintiff was a business invitee of Defendants HARRAH'S, INC., HARRAH'S, LUISEÑO INDIANS and DOES 1 through 40, inclusive, and each of them. Plaintiff was in said facility, commonly referred to as the casino, when she slipped / tripped and fell to the floor. Plaintiff is informed and believes and thereon alleges that the floor upon which she was walking was extremely slippery and not safe for pedestrians/business invitee. As a result of her fall Plaintiff suffered severe injuries.

11. Plaintiff is informed and believes, and based on said information and belief alleges that Defendants HARRAH'S, INC., HARRAH'S, LUISEÑO INDIANS and DOES 1 through 100, inclusive and each them, were aware of the risk created by said conditions as alleged in Paragraph 9 above including and based upon information and belief including but not limited to the walking surface being extremely slippery because of polishing or use of incorrect materials in maintaining said surface and / or because of foreign material on said surface on the flooring.

Plaintiff is further informed and believes, and based on that information and belief alleges that Defendants HARRAH'S, INC., HARRAH'S, LUISEÑO INDIANS and DOES 1 through 100, inclusive, and each them, failed to take reasonable steps to assure the safety of guests in said hotel.

12. Defendants HARRAH'S, INC., HARRAH'S, LUISEÑO INDIANS and DOES 1 through 100, inclusive, and each them, failed to exercise due care in the use, maintenance, operation, inspection, control, construction and / or in some other fashion acted so as to create and permit to exist a dangerous condition on said surrounding and adjacent grounds and/or surrounding and adjacent property

13. Defendants HARRAH'S, INC., HARRAH'S, LUISEÑO INDIANS and DOES 1 through 40, inclusive, and each of them, as the owner, operator of the facility open to the general public, negligently or otherwise failed to exercise due care in the ownership, operation and maintenance of the facility, commonly referred to as the casino, to insure that such guests were not subject to an unreasonable risk of harm while at the facility, commonly referred to as the casino, in that Defendants HARRAH'S, INC., HARRAH'S, LUISEÑO INDIANS and DOES 1 through 40, inclusive, and each of them, negligently:

    A) Supervised and controlled the premises and in particular the main entrance as herein alleged;

    B) Failed to properly train its staff and employees in the proper method of policing the main entrance to avoid dangers to pedestrians / guests;

    C) Failed to properly supervise its employees when they were on duty;

    D) Failed to properly supervise its business invitees when they used the premises;

    E) Failed to warn guests on the premises of the hotel that they were in danger of coming in contact with tripping or slipping hazards; and

    F) Failed to otherwise exercise due care with respect to the matters alleged in this complaint.

14. Plaintiff is informed and believes and thereon alleges that Defendants HARRAH'S, INC., HARRAH'S, LUISEÑO INDIANS and DOES 1 through 40, inclusive, and each of them, as the

owner, operator of the facility, commonly referred to as the casino, knew or in the exercise of reasonable care should have known of the dangerous and unsafe conditions as alleged herein.

15. On December 12, 2008, Plaintiff presented by delivery to Defendant LUISEÑO INDIANS aka RINCON NATION BAND OF LUISEÑO INDIANS, through the Administrative Office, 33750 Valley Center Road, Valley Center, California 92082 a completed PATRON TORT CLAIM FORM for injuries, disabilities, losses and damages suffered and incurred by her by reason of the above-described occurrences, all in compliance with or in substantial compliance with the requirements of Defendant LUISEÑO INDIANS aka RINCON NATION BAND OF LUISEÑO INDIANS. On or about December 16, 2008, Defendant LUISEÑO INDIANS aka RINCON NATION BAND OF LUISEÑO INDIANS acknowledged receipt of said claim and acknowledged that same claim was in compliance with the Patron Tort Claim Ordinance.

16. As a proximate result of the negligence or other wrongful acts of Defendants, and each of them, as herein above described, Plaintiff was rendered sick, sore, lame and disabled, and has suffered severe and permanent injuries to her body and mind.

17. As a direct and proximate result of the negligence or other wrongful acts of Defendants, and each of them, Plaintiff has suffered extreme and enduring emotional distress, and has had pain and suffering as a result of the injuries described above, all to her damage in an amount to be proven at trial.

18. As a direct and proximate result of the negligence or other wrongful acts of Defendants, and each of them, Plaintiff has been prevented from engaging in her usual occupation, and anticipates that she will be prevented from doing so in the future, all to her damage in an amount according to proof.

19. As a direct and proximate result of the negligence or other wrongful acts of Defendants, and each of them, Plaintiff has incurred medical expenses for treatment of the injuries herein above described, in an amount to be proven at trial. Plaintiff anticipates that she will incur additional medical expenses in the future which are a direct and proximate result of the negligence or other wrongful acts of Defendants, as herein above alleged, in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For general damages according to proof;
2. For special damages covering medical expenses and incidental items, the reasonable value of Plaintiff's loss of time, loss of earnings and injury to earning capacity, according to proof at time of trial;
3. For costs of suit incurred herein;
4. For interest on damages pursuant to Civil Code Section 3291; and
5. For such other and further relief as the court deems just and proper.

DATED: September 17, 2010

THE LAW OFFICES OF RICHARD M. KATZ

By [signature]
RICHARD M. KATZ, Esq.
Attorneys for Plaintiff,
ANAHID MANOUKIAN

CIV-050

- DO NOT FILE WITH THE COURT-
-UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): TELEPHONE NO.: 626-796-6333
Richard M. Katz, Esq. (SBN 86941)
The Law Offices of Richard M. Katz
1122 East Green Street
Pasadena, CA 91106
ATTORNEY FOR (Name): Plaintiff, Anahid Manoukian

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 325 S. Melrose Drive
MAILING ADDRESS: 325 S. Melrose Drive
CITY AND ZIP CODE: Vista 92081
BRANCH NAME: North County Division

PLAINTIFF: Anahid Manoukian
DEFENDANT: Harrah's Entertainment, Inc., et.al.

STATEMENT OF DAMAGES
(Personal Injury or Wrongful Death)

CASE NUMBER: 37-2010-00059864-CU-PO-NC

To (name of one defendant only): Harrah's Rincon Casino & Resort
Plaintiff (name of one plaintiff only): Anahid Manoukian
seeks damages in the above-entitled action, as follows:

| | AMOUNT |
|---|---|
| 1. General damages | |
| a. [✓] Pain, suffering, and inconvenience | $ 200,000.00 |
| b. [ ] Emotional distress | $ |
| c. [ ] Loss of consortium | $ |
| d. [ ] Loss of society and companionship *(wrongful death actions only)* | $ |
| e. [ ] Other *(specify)* | $ |
| f. [ ] Other *(specify)* | $ |
| g. [ ] Continued on Attachment 1.g. | |
| 2. Special damages | |
| a. [✓] Medical expenses *(to date)* | $ 15,000.00 est. |
| b. [✓] Future medical expenses *(present value)* | $ Unknown |
| c. [ ] Loss of earnings *(to date)* | $ |
| d. [ ] Loss of future earning capacity *(present value)* | $ |
| e. [ ] Property damage | $ |
| f. [ ] Funeral expenses *(wrongful death actions only)* | $ |
| g. [ ] Future contributions *(present value) (wrongful death actions only)* | $ |
| h. [ ] Value of personal service, advice, or training *(wrongful death actions only)* | $ |
| i. [ ] Other *(specify)* | $ |
| j. [ ] Other *(specify)* | $ |
| k. [ ] Continued on Attachment 2.k. | |

3. [ ] Punitive damages: Plaintiff reserves the right to seek punitive damages in the amount of *(specify)*.. $ __________ when pursuing a judgment in the suit filed against you.

Date: 02/09/2011

Richard M. Katz, Esq.
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
CIV-050 [Rev. January 1, 2007]

STATEMENT OF DAMAGES
(Personal Injury or Wrongful Death)

Code of Civil Procedure, §§ 425.11, 425.115
www.courtinfo.ca.gov

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 325 S. Melrose
MAILING ADDRESS: 325 S. Melrose
CITY AND ZIP CODE: Vista, CA 92081
BRANCH NAME: North County
TELEPHONE NUMBER: (760) 201-8024

PLAINTIFF(S) / PETITIONER(S): Anahid Manoukian

DEFENDANT(S) / RESPONDENT(S): Harrah's Entertainment Inc et.al.

MANOUKIAN VS. HARRAH'S ENTERTAINMENT INC

NOTICE OF CASE ASSIGNMENT

CASE NUMBER: 37-2010-00058884-CU-PO-NC

Judge: Earl H. Maas, III

Department: N-28

COMPLAINT/PETITION FILED: 09/17/2010

CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

COMPLAINTS: Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

DEFAULT: If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CASE NUMBER: 37-2010-00059864-CU-PO-NC CASE TITLE: Manoukian vs. Harrah's Entertainment Inc

## NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

### ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial

### ADR OPTIONS

1) **CIVIL MEDIATION PROGRAM:** The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participate in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non- binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

**Assignment to Mediation, Cost and Timelines:** Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. **Discovery:** Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. **Attendance at Mediation:** Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

2) **JUDICIAL ARBITRATION:** Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

**Assignment to Arbitration, Cost and Timelines:** Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court Local Rules Division II Chapter 3 and Code of Civil Procedure 1141 et seq. address this program specifically.

SDSC CIV-730 (Rev 12-05)

3) **SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

4) **OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (760) 726-4900.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: 325 S. Melrose<br>MAILING ADDRESS: 325 S. Melrose<br>CITY AND ZIP CODE: Vista, CA 92081<br>BRANCH NAME: North County<br>TELEPHONE NUMBER: (760) 201-8028 | |
| PLAINTIFF(S)/PETITIONER(S)/APPELLANT(S): Anahid Manoukian | |
| DEFENDANT(S)/RESPONDENT(S): Harrah's Entertainment Inc et.al. | |
| Short Title: Manoukian vs. Harrah's Entertainment Inc | |
| NOTICE OF HEARING | CASE NUMBER:<br>37-2010-00059864-CU-PO-NC |

Notice is given that the above-entitled case has been set for the reason listed below and at the location shown above. All inquiries regarding this notice should be referred to the court listed above.

| TYPE OF HEARING | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| OSC - Failure to File Certificate of Service | 03/04/2011 | 11:00 am | N-28 | Earl H. Maas, III |

The hearing will be cancelled if BOTH of the following occur 10 days prior to the hearing date: 1) File the above document; and 2) Stipulate to and pay a sanction in the amount of $50, payable to "San Diego Superior Court", WITH A COPY OF THIS NOTICE, in the IC department to which the case is assigned. If you are unable to comply with one or both of the above requirements, appearance at the hearing is mandatory. If more court time is required, additional sanctions may be imposed.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>North County<br>325 S. Melrose<br>Vista, CA 92081 | |
|---|---|
| SHORT TITLE: Manoukian vs. Harrah's Entertainment Inc | |
| CLERK'S CERTIFICATE OF SERVICE BY MAIL | CASE NUMBER:<br>37-2010-00059864-CU-PO-NC |

I certify that I am not a party to this cause. I certify that a true copy of NOTICE OF HEARING was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The certification occurred at Vista, California on 02/04/2011. The mailing occurred at Sacramento on 02/07/2011.

Clerk of the Court, by: J. Castillo, Deputy
J. Castillo

RICHARD M KATZ
THE LAW OFFICES OF RICHARD M KATZ
1122 EAST GREEN STREET
PASADENA, CA 91106

| Superior Court of California<br>County of San Diego<br>SIGN-IN SHEET | Calendar No.: 20<br>Court Use Only |
|---|---|

CASE: 37-2010-00059864-CU-PO-NC - Anahid Manoukian vs. Harrah's Entertainment Inc

EVENT TYPE: OSC - Failure to File Certificate of Service

EVENT DATE/TIME: 03/04/2011 11:00 am

JUDGE: Earl H. Maas, III

DEPARTMENT: N-28

| ATTORNEY/PARTICIPANT NAME | CLIENT NAME | SIGNATURE |
|---|---|---|
| Harrah's Entertainment Inc | [DFN] | |
| Harrah's Rincon Casino & Resort | [DFN] | |
| Katz, Richard M | Manoukian, Anahid [PLN] | |
| Rincon Band of Luiseno Indians | [DFN] | |
| | | |
| | | |
| | | |
| | | |

MOCS # : 0

**S. ERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN DIEGO**
**NORTH COUNTY**

**MINUTE ORDER** [X] Amended on 03/04/2011

DATE: 03/04/2011 TIME: 11:00:00 AM DEPT: N-28

JUDICIAL OFFICER PRESIDING: Earl H. Maas, III
CLERK: Noreen McKinley, Scott Seyler
REPORTER/ERM:
BAILIFF/COURT ATTENDANT: dave loe

CASE NO: **37-2010-00059864-CU-PO-NC** CASE INIT.DATE: 09/17/2010
CASE TITLE: **Manoukian vs. Harrah's Entertainment Inc**
CASE CATEGORY: Civil - Unlimited CASE TYPE: PI/PD/WD - Other

---

**EVENT TYPE:** OSC - Failure to File Certificate of Service

---

**APPEARANCES**
Richard Katz, counsel, present for Plaintiff(s).

---

OSC - Failure to File Certificate of Service is continued pursuant to party's motion to 05/06/2011 at 11:00AM before Judge Earl H. Maas, III.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>STREET ADDRESS: 325 S. Melrose<br>MAILING ADDRESS: 325 S. Melrose<br>CITY AND ZIP CODE: Vista, CA 92081<br>BRANCH NAME: North County<br>TELEPHONE NUMBER: (760) 201-8028 | |
|---|---|
| PLAINTIFF(S)/PETITIONER(S)/APPELLANT(S): Anahid Manoukian | |
| DEFENDANT(S)/RESPONDENT(S): Harrah's Entertainment Inc et.al. | |
| Short Title: Manoukian vs. Harrah's Entertainment Inc | |
| **NOTICE OF RESCHEDULED HEARING** | CASE NUMBER:<br>37-2010-00059864-CU-PO-NC |

Notice is given that the hearing in the above-entitled case has been rescheduled from 03/04/2011 11:00 AM to date and time shown below. All inquiries regarding this notice should be referred to the court listed above.

| TYPE OF HEARING | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| OSC - Failure to File Certificate of Service | 05/06/2011 | 11:00 am | N-28 | Earl H. Maas, III |

The hearing will be cancelled if BOTH of the following occur 10 days prior to the hearing date: 1) File the above document; and 2) Stipulate to and pay a sanction in the amount of $50, payable to "San Diego Superior Court", WITH A COPY OF THIS NOTICE, in the IC department to which the case is assigned. If you are unable to comply with one or both of the above requirements, appearance at the hearing is mandatory. If more court time is required, additional sanctions may be imposed.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>North County<br>325 S. Melrose<br>Vista, CA 92081 | |
|---|---|
| SHORT TITLE: MANOUKIAN VS. HARRAH'S ENTERTAINMENT INC | |
| CLERK'S CERTIFICATE OF SERVICE BY MAIL | CASE NUMBER:<br>37-2010-00059864-CU-PO-NC |

I certify that I am not a party to this cause. I certify that a true copy of NOTICE OF RESCHEDULED HEARING was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The certification occurred at Vista, California on 03/04/2011. The mailing occurred at Sacramento on 03/07/2011.

Clerk of the Court, by: S. Seyler, Deputy

S. Seyler

RICHARD M KATZ
THE LAW OFFICES OF RICHARD M KATZ
1122 EAST GREEN STREET
PASADENA, CA 91106