UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANAHID MANOUKIAN,<br><br>               Plaintiff,<br><br>v.<br><br>HARRAH'S ENTERTAINMENT ,INC., *et al.*,<br><br>               Defendants. | Civil No. 11cv503-L(JMA)<br><br>**ORDER REMANDING ACTION TO STATE COURT** |

On March 11, 2011 Defendants filed a notice of removal, removing from State court this slip and fall action by a casino patron against the casino and other defendants. The notice of removal is based on diversity jurisdiction and, alternatively, federal preemption, and 28 U.S.C. Section 1441.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

Consistent with the limited jurisdiction of federal courts, the removal statute is strictly

construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Sygenta Crop Prot. v. Henson*, 537 U.S. 28, 32 (2002); *O'Halloran v. University of Wash.*, 856 F.2d 1375, 1380 (9th Cir. 1988). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566; *see also Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *O'Halloran*, 856 F.2d at 1380. "The traditional rule of burden allocation in determining removal jurisdiction was meant to comport with what the Supreme Court has termed '[t]he dominant note in the successive enactments of Congress relating to diversity jurisdiction,' that is, 'jealous restriction, of avoiding offense to state sensitiveness, and of relieving the federal courts of the overwhelming burden of business that intrinsically belongs to the state courts in order to keep them free for their distinctive federal business.'" *Abrego Abrego*, 443 F.3d at 685, quoting *Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 76 (1941).

Defendants removed this action based on diversity jurisdiction under 28 U.S.C. Section 1332(a). Original jurisdiction exists in cases of complete diversity, where each of the plaintiffs is a citizen of a different state than each of the defendants, and the amount in controversy exceeds $ 75,000. 28 U.S.C. §1332(a); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

One of the named Defendants in this case is Rincon Band of Louiseno Indians, a federally recognized Indian tribe ("Rincon Band"). Indian tribes such as Defendant Rincon Band are "not 'citizen[s]' of a state within the meaning of the federal diversity statute, 28 U.S.C. § 1332(a)(1), and thus cannot sue or be sued in diversity." *Am. Vantage Co's., Inc. v. Table Mountain Rancheria*, 292 F.3d 1091, 1093 (9th Cir. 2002). Another named Defendant is Harrah's Rincon Casino & Resort ("Casino"). Defendants did not address the citizenship of this Defendant at all. Accordingly, Defendants failed to establish complete diversity as required by 28 U.S.C. Sections 1332 and 1441.

In the alternative, Defendants contend that Plaintiff's slip and fall claim is preempted by the Indian Gaming Regulatory Act, 25 U.S.C. § 2700 *et seq.* ("IGRA"). In determining whether federal law preempts state law with respect to activities on tribal lands, "courts must apply standards different from those applied in other areas of federal preemption." *Confederated*

1 *Tribes of Siletz Indians of Or. v. Oregon*, 143 F.3d 481, 486 (9th Cir. 1998).  Furthermore, in 2 cases where on-reservation conduct involving non-tribal members is involved, "the Indian tribes 3 do not have an automatic exemption from state law."  *Id*.  Plaintiff, who is apparently not a 4 member of the Rincon Band or any other Indian tribe, was allegedly a patron at the Casino when 5 he slipped and fell.  His claim is based on California common law of negligence.

6 "Preemption generally applies in Indian law where the application of state law interferes 7 or is incompatible with federal or tribal interests as reflected in federal law."  *Confederated* 8 *Tribes of Siletz Indians of Or.*, 143 F.3d at 487 (internal quotation marks and citation omitted). 9 "IGRA's core objective is to regulate how Indian casinos function so as to 'assure the gaming is 10 conducted fairly and honestly by both the operator and players.'"  *Baron Band of Mission* 11 *Indians v. Yee*, 528 F.3d 1184, 1193 (9th Cir. 2008), quoting 25 U.S.C. § 2702(2).  Additionally, 12 its purpose is "to provide a statutory basis for the operation of gaming by Indian tribes as a 13 means of promoting tribal economic development, self-sufficiency, and strong tribal 14 governments; [¶] . . . to shield [Indian tribes] from organized crime and other corrupting 15 influences, to ensure that the Indian tribe[s are] the primary beneficiar[ies] of the gaming 16 operation . . . and [¶] to declare that [independent Federal regulation] for gaming on Indian lands 17 . . . [is] necessary to meet congressional concerns regarding gaming and to protect such gaming 18 as a means of generating tribal revenue."  25 U.S.C. § 2702.  Based on the allegations in the 19 complaint and Defendants' argument in the notice of removal, it does not appear that California 20 negligence law interferes with or is incompatible with IGRA.  California negligence law does 21 "not seek to usurp tribal control over gaming nor [does it] threaten to undercut federal authority 22 over Indian gaming."  *Confederated Tribes of Siletz Indians of Or.*, 143 F.3d at 487.  Defendants 23 therefore have not met their burden of showing that Plaintiff's negligence action is preempted by 24 IGRA.

25 The facts and arguments presented in the notice of removal do not meet the burden of 26 establishing removal jurisdiction.  "If at any time before final judgment it appears that the 27 district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. 28 § 1447(c).  This action is **REMANDED** to the Superior Court of the State of California for the

County of San Diego.

**IT IS SO ORDERED**.

DATED: April 7, 2011

M. James Lorenz
United States District Court Judge

COPY TO:

HON. JAN M. ADLER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL